# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

DENIAIS GRAY,

      Plaintiff,

v.

CIVIL ACTION NO.

SNAP-ON INCORPORATED, and
THE QTI GROUP,

      Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Deniais Gray, by and through her attorneys, McDonald Law Firm, LLC, and as and for her Complaint against the Defendants, Snap-On Incorporated and The QTI Group, alleges and shows to the court as follows:

### NATURE OF THE ACTION

This action arises under Title VII of the Civil Rights Act of 1964 (hereinafter, "Title VII"), as amended, to correct unlawful employment practices on the basis of gender and opposition to discrimination in the workplace and to provide appropriate relief to the Plaintiff who was adversely affected by such practices. Plaintiff seeks a permanent injunction against Defendants, lost wages, employment benefits, and other compensation, compensatory damages, punitive damages, costs, attorney's fees, and any other such relief the Court may deem appropriate.

# JURISDICTION AND VENUE

1. Jurisdiction of this Court is proper pursuant to 28 USC §1331. This action is authorized and instituted pursuant to Sections 703 and 704 of Title VII, 42 USC §2000e-2 et seq.

2. Venue is proper in this Court pursuant to 28 USC §1391(b) and (c). The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin, and the employment records relevant to such practices are maintained and administered within the Eastern District of Wisconsin.

# PARTIES

3. The Plaintiff, Deniais Gray ("Gray"), is an adult resident of the State of Wisconsin with a residence located at 5693 N 42nd Street, Milwaukee, Wisconsin 53209.

4. The Defendant, The QTI Group ("QTI"), is a Wisconsin temporary placement agency with a principal office located at 1010 East Washington Avenue, Suite 314, Madison, WI 53703.

5. The Defendant, Snap-On Incorporated ("Snap-On"), is a designer, manufacturer, and marketer of high-end tools with a principal office located at 2801 80th Street, Kenosha, WI 53134.

# STATEMENT OF FACTS

6. Gray was employed with QTI and placed at Snap-On on or about December 11, 2023 as an Assembler.

7. David Cooper ("Cooper") was the Snap-On Lead Person at the time Gray became placed at Snap-On by QTI.

8. Cooper showed Gray around the building as part of her orientation and represented that he would be her supervisor.

9. Cooper did not provide Gray with an access badge during orientation but, instead, told Gray to provide him with her mobile telephone number so she could call him when she arrived at the building to be let inside.

10. Shortly after Gray began working at Snap-On, Cooper began sending Gray sexually inappropriate text messages to her mobile telephone number.

11. On Gray's first day of work at Snap-On, she told Cooper that her hands were cramping.

12. Cooper brought Gray into the company's internal clinic room that had a clinic bed inside.

13. Cooper motioned to Gray to lay on the clinic bed and told her they could lay on the bed together and engage in sexual acts.

14. Gray declined Cooper's requests.

15. Cooper made repeated inappropriate sexual comments to Gray following this incident.

16. Cooper often leered at Gray while at work.

17. Cooper often stared at Gray when she bent over to pick materials up from the floor.

18. Cooper often commented on Gray's buttocks.

19. Gray rebuffed Cooper's sexual overtures and Cooper threatened to have Gray fired.

20. Cooper threatened Gray directly and told other employees that he was going to have Gray fired.

21. Early in Gray's shift on December 20, 2023, Cooper threatened Gray's employment.

22. Later in Gray's shift on December 20, 2023, Cooper told Gray and two male coworkers to pick up tools that were laying on the floor.

23. Both male coworkers denied Cooper's order and walked away.

24. Gray did not pick up the tools because she did not want to bend over in front of Cooper.

25. Gray overheard Cooper tell the supervisor, Rodrigo Pirrullees Sanchez ("Sanchez"), that Gray allegedly refused to work.

26. Gray informed Snchez that Cooper was not telling the truth and explained that she never refused to work.

27. Gray explained to Sanchez that Cooper had been sexually harassing her in the workplace and treating her negatively because she refused to engage in sexual conduct with him.

28. Sanchez instructed Cooper to leave while he talked with Gray.

29. Gray described to Sanchez the inappropriate comments and text messages from Cooper.

30. Sanchez sent Gray home and said he would investigate her complaint.

31. Gray remained off work the following day.

32. Gray immediately contacted QTI and explained that she had been subjected to sexual harassment at Snap-On and that the company was investigating her complaint.

33. On December 22, 2023, QTI informed Gray that Snap-On was still investigating her complaint and that she should remain off work until further notice.

34. On January 2nd or 3rd, 2024, QTI contacted Gray and informed her that Snap-On had found evidence that Cooper had subjected her to sexual harassment.

35. QTI also confirmed to Gray that her coworkers had confirmed some of the sexual harassment.

36. QTI informed Gray, however, that Snap-On had ended her placement with the company.

37. On information and belief, Snap-On did not terminate or reprimand the two male coworkers.

38. Snap-on stopped Gray's placement at the company because of the sexual harassment and her opposition to harassment in the workplace.

39. Following Gray's termination from Snap-On, she continued to try to work with QTI.

40. QTI refused to place Gray at any other location.

41. QTI terminated her employment for opposing discrimination in the workplace.

42. All conditions precedent have been fulfilled as the EEOC issued a Right to Sue Letter to Gray on August 19, 2025.

## STATEMENT OF CLAIMS

### DISCRIMINATION, HARASSMENT, AND RETALIATION UNDER TITLE VII

43. Gray incorporates paragraphs 1-42 as if fully set forth herein.

44. Gray is a member of a protected class as she is female and opposed sexual harassment in the workplace.

45. Gray was subjected to inappropriate sexual comments in the workplace and by Cooper.

46. The harassment to which Gray was subjected was severe or pervasive.

47. The harassment to which Gray was subjected would be deemed offensive to a reasonable person.

48. Gray considered the harassment to which she was subjected offensive.

49. Gray opposed sexual harassment in the workplace and was subjected to further harassment and negative treatment by Cooper.

50. Gray's work environment became hostile and unbearable.

51. On information and belief, Snap-On did not subject Cooper to disciplinary action as a result of his inappropriate sexual comments to Gray.

52. On information and belief, Snap-On did not subject the two male coworkers to disciplinary action as a result of not following Cooper's order.

53. On information and belief, Snap-On did not create a hostile work environment for Cooper.

54. Snap-On created a hostile work environment for Gray because she opposed sexual harassment in the workplace.

55. Snap-On's conduct as alleged herein was done intentionally and with reckless disregard for Gray's federally protected rights.

56. Gray has suffered mental pain and anguish as a result of Snap-On's unlawful conduct.

57. Gray seeks reinstatement, lost pay, lost benefits, out of pocket expenses, non-pecuniary compensatory damages, punitive damages, and attorney's fees and costs for Snap-On's unlawful conduct.

58. On information and belief, QTI terminated Gray's employment for opposing discrimination in the workplace.

59. QTI's conduct as alleged herein was done intentionally and with reckless disregard for Gray's federally protected rights.

60. Gray has suffered mental pain and anguish as a result of QTI's unlawful conduct.

61. Gray seeks reinstatement, lost pay, lost benefits, out of pocket expenses, non-pecuniary compensatory damages, punitive damages, and attorney's fees and costs for QTI's unlawful conduct.

## **PRAYER FOR RELIEF**

A. Grant a permanent injunction against the Defendants and its officers, assigns and all persons in active concert or participation with them, from engaging in any employment

practice which discriminates on the basis of gender or opposition to conduct made unlawful by Title VII.

B. Order the Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for all genders and all persons who oppose conduct made unlawful by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendants to make whole Gray by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order the Defendants to make whole Gray by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the foregoing paragraphs in amounts to be determined at trial.

E. Order the Defendants to make whole Gray by providing compensation for past and future non-pecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience and mental anguish resulting from the unlawful practices complained of in the foregoing paragraphs in amounts to be determined at trial.

F. Order the Defendants to compensate Gray for the attorney's fees and costs she has incurred as a result of bringing this action.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

**<u>JURY TRIAL DEMANDED</u>**

The Plaintiff, Deniais Gray, requests a jury trial on all questions of fact raised by this complaint.

Dated on this 13th day of November, 2025.

                                                **MCDONALD LAW FIRM, LLC**
                                                Attorneys for Plaintiff

                              By:   s/Shannon D. McDonald
                                    Shannon D. McDonald
                                    WI State Bar No. 1036954
                                    N96W18221 County Line Rd. #200
                                    Menomonee Falls, WI 53051
                                    Direct: (262) 252-9123
                                    Office: (262) 252-9122
                                    Fax:   (414) 395-8773
                                    sdm@themklaw.com