UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENIAIS GRAY,

Plaintiff,

v.

Case No. 25-cv-1783-pp

SNAP-ON, INCORPORATED
and QTI GROUP,

Defendants.

---

**ORDER GRANTING DEFENDANT SNAP-ON, INC.'S MOTION TO DISMISS (DKT. NO. 7) AND DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO SERVE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(M)**

---

On May 28, 2026, defendant Snap-On, Inc. filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Dkt. No. 7. The plaintiff did not respond to the motion and has not filed a motion for extension of time to serve either defendant. The court will grant defendant Snap-On's motion and dismiss this case without prejudice.

## I. Background

On November 13, 2025, the plaintiff filed a complaint alleging that the defendants—her former employer and a temporary placement agency—had discriminated against her based on her gender and her opposition to discrimination in the workplace. Dkt. No. 1. Ninety days after the plaintiff filed her complaint, the court had no certificates of service to prove that she'd served the defendants as required by Fed. R. Civ. P. 4(m). On February 17, 2026, the

court issued an order, alerting the plaintiff that "[t]he time for the defendants to appear has passed; the plaintiff has not filed proof of service and no defendant has appeared or filed a responsive pleading to the complaint." Dkt. No. 3. The court ordered the plaintiff to submit "a report updating the court as to the status of this case and her proposed next steps" by February 26, 2026. Id.

On February 26, the plaintiff's attorney, Shannon McDonald, filed a letter saying he had "been in communication with counsel for Defendant Snap-On, Inc. regarding its waiver of service of process." Dkt. No. 4. In the letter, Attorney McDonald asserted that "[i]t [was his] understanding that Snap-On, Inc. [would] waive service of process[,]" that "[t]he appropriate waiver forms ha[d] been provided to Snap-On, Inc." and that he "expect[ed] to receive the signed form shortly." Id. McDonald stated that "[t]he signed waiver [would] be filed with the court promptly upon receipt" and that "Plaintiff kindly requests an additional thirty (30) days to effectuate service on Snap-On Inc." Id.

McDonald's letter also asked for an opportunity to file an amended complaint removing the QTI Group as a defendant, stating that "it appears that the EEOC had not issued a Right to Sue Letter as to this defendant," that "[a] request has been made of the EEOC to issue the Right to Sue Letter" and that "Plaintiff intends to add the QTI Group to this action upon receipt of the Right to Sue Letter." Id.

On February 27, 2026, Attorney Oyvind Wistrom filed an appearance on behalf of Snap-On, dkt. no. 5, and filed a letter, dkt. no. 6. In the letter,

Attorney Wistrom explained that in November 2025, his client alerted him to the lawsuit and authorized Wistrom to accept service. Dkt. No. 6 at 1. Wistrom stated that on November 25, 2025, he emailed McDonald, asking him to "please let [Wistrom] know if [McDonald] would like Snap-on to waive service under Fed. R. Civ. P. 4." Id. Wistrom said he never received a response. Id.

Wistrom asserted that on February 26, 2026, McDonald emailed him a "Notice of a Lawsuit and Request to Waive Service of a Summons," and a copy of the complaint. Id. at 1, 3, 4. Wistrom pointed out that this waiver request came after the ninety-day deadline to show proof of service and "did not include two copies of the waiver request or a prepaid means for returning the form, as required by Fed. R. Civ. P. 4(d)(1)(C)." Id. at 1–2. Wistrom asserted that because the plaintiff had failed to serve Snap-On within the time limit set by Fed. R. Civ. P. 4(m) and had not provided good cause or shown excusable neglect, "the court—on motion or on its own after notice to the plaintiff—must dismiss without prejudice." Id. at 2 (quoting Fed. R. Civ. P. 4(m)). Wistrom wrote that "Defendant Snap-on Incorporated hereby requests that the Court dismiss this action without prejudice." Id.

## II. Defendant Snap-On's Motion to Dismiss (Dkt. No. 7)

Some three months later, on May 28, 2026, defendant Snap-On Inc. filed a motion to dismiss because the plaintiff failed to serve the summons and complaint within the ninety-day period mandated by Rule 4(m). Dkt. No. 8 at 1. The motion acknowledges that the plaintiff's attorney provided Snap-On with a notice of lawsuit and request to waive service on February 26, 2026, but points

out that that date was after the deadline for service had passed. Id. The motion asserts that the court has two options: dismiss the lawsuit or specify a time in which the plaintiff must serve the defendant. Id. at 4 (citing Fed. R. Civ. P. 4(m)). Because it has been almost seven months since the plaintiff filed the complaint and the plaintiff failed to file a motion for extension or show good cause, Snap-On's motion argues that no extension is warranted. Id. at 6. The motion adds that actual notice does not cure defects in the service of process. Id. at 7 (citing Mid-Contintent Wood Products, Inc. v. Harris, 936 F.2d 297, 301 (7th Cir. 1991)).

**III. Analysis**

Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

When a plaintiff fails to serve a defendant within ninety days and fails to show cause for that failure, Rule 4(m) requires the court to take action: it must dismiss the case against that defendant or order the plaintiff to serve that defendant within a specified time. Id. When deciding whether to grant the extension or dismiss the case, courts typically consider:

> whether the defendant's ability to defend would be harmed by an extension; whether the defendant received actual notice; whether the statute of limitations would prevent refiling of the action; whether the defendant evaded service; whether the defendant admitted liability; whether dismissal will result in a windfall to a defendant; whether the plaintiff eventually effected service; whether the plaintiff ever requested an extension from the court due to

difficulties in perfecting service; and whether the plaintiff diligently pursued service during the allotted period.

Jones v. Ramos, 12 F.4th 745, 749 (7th Cir. 2021) (citing Cardenas v. City of Chicago, 646 F.3d 1001, 1006–07 (7th Cir. 2011)). "Even if the balance of hardships appears to favor an extension, the district court retain[s] its discretion to hold the Plaintiffs accountable for their actions—or, more accurately, inaction—by dismissing the case." Id. (quoting Cardenas, 646 F.3d at 1007).

The plaintiff failed to serve the defendant within ninety days and has not shown, or attempted to show, good cause for that failure. The court now must decide whether to dismiss the case or give the plaintiff more time to serve the defendants. Applying the factors discussed by the Seventh Circuit, the court concludes that the defendants'[1] ability to defend the case would not be harmed by an extension and that defendant Snap-On received actual notice of the lawsuit. The statute of limitation could prevent the plaintiff from refiling a complaint against Snap-On because a plaintiff must file a Title VII claim within ninety days of the date the EEOC gives notice of the right to sue. 42 U.S.C. §2000e-5(b); Poullard v. McDonald, 829 F.3d 844, 850 (7th Cir. 2016). The plaintiff alleges in her complaint that she received a right-to-sue letter on August 19, 2025, dkt. no. 1 at ¶42, but also admits in her letter that the EEOC had not issued a right to sue letter with respect to QTI Group, dkt. no. 4.

[1] Attorney McDonald stated that he planned to amend the complaint to remove QTI Group as a defendant. Dkt. No. 4. Because the plaintiff never filed a motion for leave to amend, the court will apply the Jones factors to both defendants.

There is nothing to suggest that either defendant evaded service. Snap-On says that it offered to waive service, but that the plaintiff's counsel failed to follow up with his request. See Dkt. No. 6. Neither defendant admitted liability, and dismissal would not result in a windfall to either defendant. In the letter filed before the motion to dismiss, the plaintiff "kindly requests an additional thirty (30) days to effectuate service on Snap-On Inc." Dkt. No. 4. But the plaintiff never filed a motion for an extension with a citation to the rule or authority that would have allowed the court to grant that request. Civil Local Rule 7(a) (E.D. Wis.). The plaintiff never has alleged any difficulty in effecting service. The plaintiff has not diligently pursued service within the time allowed, the plaintiff has not filed a response to the motion to dismiss, and the plaintiff has not communicated with the court since February 26, 2026. The record supports dismissal without prejudice.

## IV. Conclusion

The court **GRANTS** defendant Snap-On, Inc.'s motion to dismiss. Dkt. No. 7.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 6th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**